UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES MICHAEL FAYED,<br><br>    Plaintiff,<br><br>    v.<br><br>SECRETARY OF CDCR, et al.,<br><br>    Defendants. | No.  2:25-cv-2877 CSK P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se.  On October 16, 2025, plaintiff filed a consent to the jurisdiction of a U.S. Magistrate Judge pursuant to 28 U.S.C. § 636(c).  (ECF No. 5.)  On October 27, 2025, plaintiff filed a motion styled, "Motion for Vacatur/Vacation of Referral to USMJ and Transfer, Reassignment to USDJ."  (ECF No. 6.)

I.    STANDARDS GOVERNING CONSENT TO MAGISTRATE JUDGE

"A party to a federal civil case has, subject to some exceptions, a constitutional right to proceed before an Article III judge."  Dixon v. Ylst, 990 F.2d 478, 479 (9th Cir. 1993) (citation omitted).  If all parties to a civil action consent, all proceedings including trial and entry of judgment may be conducted by a magistrate judge.  28 U.S.C. § 636(c)(1); Branch v. Umphenour, 936 F.3d 994, 1000 (9th Cir. 2019); Williams v. King, 875 F.3d 500, 504 (9th Cir. 2017).  Under both the United States Code and the Federal Rules of Civil Procedure, once a civil case is referred to a magistrate judge under 28 U.S.C. § 636(c) ("Section 636(c)"), the reference can be

1

1 withdrawn by the court only "for good cause on its own motion, or under extraordinary

2 circumstances shown by any party." 28 U.S.C. § 636(c)(4); Fed. R. Civ. P. 73(b)(3); Branch, 936

3 F.3d at 1002. "Good cause" and "extraordinary circumstances" are high bars that are difficult to

4 satisfy. Branch, 936 F.3d at 1004. "Neither mere dissatisfaction with a magistrate judge's

5 decisions, nor unadorned accusations that such decisions reflect judicial bias, will suffice." Id. A

6 motion to withdraw consent or reference is to be decided by the district judge, not the magistrate

7 judge. Id. at 1003.

8 However, before all parties have consented to magistrate jurisdiction, the Ninth Circuit

9 has held that "a party need not satisfy the good cause or extraordinary circumstances standard

10 provided in § 636(c)(4) in order to withdraw consent." Gilmore v. Lockard, 936 F.3d 857, 863

11 (9th Cir. 2019). In instances where the motion to withdraw consent is filed before all parties

12 consent, a district court should use its discretion to address the motion, and the majority of courts

13 have allowed such withdrawal in similar cases. Id. (collecting cases). As one magistrate judge

14 explained:

> There is a distinction between assignment of an action to a Magistrate Judge pursuant to 28 U.S.C. § 636(b) and reassignment of an action to a Magistrate Judge pursuant to 28 U.S.C. § 636(c). . . . When an action is filed, . . . [and] [i]f all the parties consent to Magistrate Judge jurisdiction pursuant to § 636(c), the action is reassigned by the United States District Judge assigned to the case to the Magistrate Judge assigned to the case, and the Magistrate Judge conducts all further proceeding[s], including trial. When plaintiff filled out the consent/decline form and checked the box marked "Consent," he was consenting pursuant to section 636(c). However, [at that point] plaintiff's consent did not result in reassignment of this action to a Magistrate Judge. Cases are reassigned to a Magistrate Judge only if all parties consent. If one or more parties decline Magistrate Judge jurisdiction, the District Judge will resolve all dispositive matters and conduct the trial, if there is one.

23 Page v. California, 2008 WL 3976933, at *1 (E.D. Cal. Aug. 20, 2008).

24 II.   DISCUSSION

25 To the extent plaintiff seeks to vacate his consent to magistrate judge jurisdiction under

26 § 636(c), filed on October 16, 2025 (ECF No. 5), the Court finds that the motion should be

27 granted. No defendant has been served or appeared in this action, and therefore, no consent to

28 magistrate judge jurisdiction has been filed by anyone except plaintiff. Therefore, the Court

2

recommends that plaintiff's consent to magistrate judge jurisdiction under § 636(c) be vacated.

On the other hand, to the extent that plaintiff seeks to vacate the assignment of matters to the magistrate judge under 28 U.S.C. § 636(b), and have the case reassigned solely to the district judge, the Court recommends that the motion be denied. This matter is referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. Local Rule 302 refers all prisoner cases to magistrate judges for pretrial purposes. Even in the absence of consent jurisdiction, which would permit the undersigned magistrate judge to conduct all proceedings up to and including trial without involvement by a district judge, the undersigned remains responsible for addressing dispositive and non-dispositive motions and matters prior to trial. See Local Rule 302(c)(17). Resolution of non-dispositive matters will be by order, while dispositive matters will be addressed in findings and recommendations submitted to the assigned district judge. 28 U.S.C. § 636(b)(1). The district judge will be the trial judge. Thus, the undersigned will address plaintiff's request for injunctive relief contained in the complaint by findings and recommendations, and the district judge will address the findings and recommendations in a final, dispositive order. Thus, plaintiff's motion to reassign this case solely to a district judge should be denied.

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court is directed to assign a district judge to this case; and

IT IS RECOMMENDED that:

1. Plaintiff's motion to vacate his consent to magistrate judge jurisdiction under 28 U.S.C. § 636(c) (ECF No. 6) be granted; and

2. Plaintiff's motion to reassign this case solely to a district judge (ECF No. 6) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District

Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 5, 2025

                                          CHI SOO KIM
                                          UNITED STATES MAGISTRATE JUDGE

/1/faye2877.vac.cons